UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROMAN FRENCH, | ) |
|                 Petitioner, | ) |
| vs. | ) Case No 2:15-cv-0223-WTL-MJD |
| KEITH BUTTS, Superintendent, | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Roman French for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISP 15-04-0179. For the reasons explained in this Entry, Roman French's habeas petition must be **denied**.

### Discussion

**Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## I. The Disciplinary Proceeding

On April 21, 2015, Internal Affairs Investigator C. Dustin wrote a conduct report that charged French with Class A offense #117, assault on staff. The conduct report states:

> On 4/21/2015 at 11:25 after confiscating a Smart phone from Offender French #900271 cell location DCH East 320 Offender French pulled away from Officer Westman and myself when we attempted to put him in his cell. Offender French then started to walk away and sat down and pulled one leg from his cuffs. Officer Westman then tried to stop his actions from bringing his other leg out at which time I gave a 1 second burst of O.C. to Offender French on target. Offender French continued to attempt to pull his leg out to get both hands free when I placed my right hand around him and started to pull up on the chain on the cuffs so that he could not get his foot out. Offender French then bit my right hand and would not let go so I gave a knee strike to his head which did not work, I gave a 2nd knee strike to his head causing him to let go of my hand with his teeth. Offender French continued to attempt to get his hands free braking free from Officer Westman's grip[.] Offender French then head butt[ed] me 2 or three times[.] I then tried to get control of his head and attempted to place him on the ground causing us both to fall forward first responders then arrived and assisted in gaining control of Offender French

Pictures were taken of Investigator Dustin's injuries and a report of incident was prepared. On April 22, 2015, French was notified of the charge and served with the conduct report and the notice of disciplinary hearing "screening report." French was notified of his rights, pled not guilty, and did not request the appointment of a lay advocate. French requested witness statements from several offenders and video/camera footage of the incident. [dkt. 9-2, at p. 1]. French's request to view video recorded evidence was denied based on safety and security. A summary of the video recorded evidence was provided. [dkt. 9-2, at p. 2]. Four witness statements were also provided. [dkt. 9-2, at pp. 3-6].

The hearing officer conducted a disciplinary hearing on April 28, 2015. French made the following statement:

> We got into an argument because I confronted him about the trafficking. Ofc Westman walked away from us several times because we were talking about (Dustin and I) [her] trafficking. I walked away because Dustin made a threat to me. While I walked away, he told Dustin to take me down. Westman bear hugged me.

> That's when I attempted to bring the cuffs to the front. Dustin was hitting me. Dustin sprayed me several times. He was hitting me and I bit him in self-defense. He was kneeing me. He maced me a few times. I said I was done.

The hearing officer found French guilty of the charge of assault on staff. [dkt. 9-3].

In making the guilty determination, the hearing officer relied on the conduct report, the offender's statement, evidence from witnesses, vide evidence, and the incident report. Based on the hearing officer's recommendation the following sanctions were imposed: a thirty (30) day loss of phone and commissary privileges, two-hundred-seventy (270) days of disciplinary segregation, a one-hundred-twenty (120) day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2 (dkt. 9-2). The hearing officer recommended the sanctions because of the seriousness and nature of the offense, as well as the likelihood of the sanction having a corrective effect on the offender's future behavior.

On May 4, 2015, French appealed to the Facility Head. The Facility Head denied the appeal on May 20, 2015 (dkt. 9-4). French's appeal to the Appeal Review Officer was denied on July 3, 2015 (dkt. 9-5).

## II. Analysis

French alleges the following errors: 1) the evidence is insufficient to support a guilty finding; 2) Indiana Department of Correction ("IDOC") policy was violated in his appeal; and, 3) he received excessive sanctions.

**1.** French challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory

evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The IDOC Disciplinary Code for Adult Offenders ("ADP") provides that an offender who "[c]ommit[s] battery/assault upon any staff person . . ., which results in bodily injury or serious bodily injury (including the throwing of body fluids or waste on a staff person)" is guilty of Class A offense #117. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (even "meager" proof is sufficient).

Here, the conduct report states that French bit Internal Affairs Investigator Dustin's hand and head butted Dustin two or three times. The pictures taken of Investigator Dustin show that he suffered an open wound to his hand and forehead. (dkt. 11, *ex parte*). The incident report states that Dustin was taken to the Horizon Health Clinic for treatment. This evidence is sufficient to satisfy the "some evidence" standard. *Hill*, 472 U.S. at 454.

French argues in the petition that the evidence is insufficient because Investigator Dustin did not suffer serious bodily injury. (dkt. 1). However, the offense of assault on staff only requires bodily injury, not serious bodily injury (dkt. 9-7). Moreover, Investigator Dustin was bitten on the hand and head butted several times suffering injuries that required medical treatment.

French also argues in his petition that he was acting in self-defense. This argument is without merit. Inmates have no constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. *See Jones v. Cross,* 637 F.3d 841, 848 (7th Cir. 2011) (noting that inmates do not have constitutional right to raise self-defense when accused of misconduct); *Scruggs v. Jordan,* 485 F.3d 934, 938–39 (7th Cir. 2007) (same); *Rowe v. DeBruyn,* 17 F.3d 1047, 1052–53 (7th Cir. 1994) (same).

**2.** Here, French argues the final review officer found error in his review. However, this is incorrect. The final review officer denied French's appeal and specifically states: "[French] present[s] no evidence on appeal which would indicate that the action of the DHO should be modified in any way." (dkt. 9-5). French is not entitled to relief on this basis.

**3**. Finally, French argues that his sanctions were excessive. Under the ADP, allowable sanctions for the most serious offenses, including class A offense #117, include, *inter alia*, up to one year of disciplinary segregation, up to twelve months of deprivation of earned credit time, and up to a two grade demotion in credit class. (dkt. 9-7). French received only two-hundred-seventy (270) days of disciplinary segregation, a one-hundred-twenty (120) day deprivation of earned credit time, and a demotion of one grade in credit class, which is short of the maximum he could have received. French's sanctions are well within the allowable range and he is not entitled to habeas relief.

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles French to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 9/29/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Roman French, #900271
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel